Submitted on record and briefs January 24, reversed and remanded June 24, 1992

David P. MEYER,
*Respondent,*

*v.*

Dean YOUNGQUIST,
*Appellant.*

(91C-735123; CA A70332)

833 P2d 1315

Maurice L. Russell, II and Churchill, Leonard, Brown, Lincoln, Lodine & Hendrie, Salem, filed the brief for appellant.

David P. Meyer, Portland, filed the brief *pro se.*

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals from a judgment in plaintiff's favor. He assigns as error the court's granting of plaintiff's motion for summary judgment. We reverse and remand.

Plaintiff is entitled to summary judgment only if no genuine issue of material fact exists. *See* ORCP 47C; *Seeborg v. General Motors Corp.*, 284 Or 695, 699, 588 P2d 1100 (1978). We review the record in the light most favorable to defendant, the party opposing the summary judgment motion. *Stanfield v. Laccoarce*, 288 Or 659, 665, 607 P2d 177 (1980).

This is an action on account by plaintiff, an attorney, for fees allegedly due from defendant. Defendant engaged plaintiff to assist on a case in Benton County. Although plaintiff initially agreed to the arrangement, he soon elected to withdraw from the case. Defendant's affidavit states:

> "That Plaintiff's affidavit recites that he rendered legal services to me. In fact, the activities listed in his affidavit were activities related to negotiations as to whether Plaintiff would represent me. Plaintiff, after consulting with Mr. Heilig and myself, decided to withdraw and not to represent Defendant. He therefore provided no services to me. If Plaintiff did render services to me consistent with any agreement between us, then those services were without value.

> "In summary, the Plaintiff was hired to render legal services. He did not render any services. The activities listed by him are activities which were negotiations preparatory to his accepting the case or activities related to his withdrawal from the case. I therefore contest the issue of services rendered or whether any services consistent with the engagement had any value."

The assertions in defendant's affidavit create material issues of fact as to whether plaintiff performed any services for defendant, whether plaintiff was entitled to charge for such services that he did perform and what, if any value could be assigned for any services that were rendered. Summary judgment was not appropriate.

Reversed and remanded.